PER CURIAM.
Dewayne Allen Jones appeals his convictions and sentences for sexual battery and trespass in an occupied structure. On appeal, he contends it was error to allow the State to introduce evidence of a collateral crime committed nine years earlier. Under the facts of this case, we agree and reverse.
There was no physical evidence showing that Jones committed a sexual battery on the victim. While there were several similarities between the prior sexual battery and the allegations in this case, none of the similarities was so unique that it established a common plan or scheme. See Heuring v. State, 513 So.2d 122 (Fla.1987) (holding that the charged offense and the similar fact evidence must be strikingly similar and “share some unique characteristic or combination of characteristics which sets them apart from other offenses_”). In fact, there were many more dissimilarities in the two cases than there were similarities. Further, identity was not an issue because Jones admitted being in the victim’s apartment.
We conclude, therefore, that the collateral crime evidence was introduced in an attempt to show Appellant’s propensity to commit the crime of sexual battery. This was impermissible. See § 90.404(2)(a), Fla. Stat. (1997) (making similar fact evidence inadmissible when relevant only to prove bad character or propensity to commit the offense). Because the case turned on the victim’s credibility, the improper use of the similar fact evidence may have affected the *666 jury’s verdict and therefore cannot be deemed harmless error.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
HARRIS, J., concurs and concurs specially, -with opinion.